UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| BYRON CALDWELL, | ) | |
| Plaintiff, | ) | Civil No. 6:17-cv-129-GFVT |
| v. | ) | |
| HARVEY SHEARER, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendants. | ) | **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Byron Caldwell is an inmate confined at the Wayne County Detention Center in Monticello, Kentucky. Proceeding without an attorney, Caldwell filed a civil rights complaint against multiple employees of the detention center, including the Jailor, Deputy Jailor, two Sergeants, and a maintenance worker. [R. 1.] In Caldwell's complaint, he acknowledges that the state of Kentucky recently charged him with trafficking in a controlled substance, trafficking in marijuana, and promoting contraband, all while he was confined at the detention center. [R. 1 at 3.] However, Caldwell alleges that the defendants entrapped him into committing these offenses, tampered with physical evidence, and otherwise ran afoul of his rights. [R. 1 at 2-14.] Caldwell recently moved to amend his complaint and, in that motion, he echoes these claims. [R. 12.] Among other forms of relief, Caldwell is seeking millions of dollars in damages for "defamation of character," and he asks the Court to remove the defendants from their jobs. [R. 1 at 18-19.]

While the Court will grant Caldwell's motion to amend his complaint, it will dismiss Caldwell's initial and amended complaints without prejudice pursuant to the doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). That doctrine provides that a federal court should generally abstain from interfering in a state court action that is ongoing, involves an important state interest, and provides an adequate opportunity to raise constitutional challenges. *See Fieger*

*v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008) (discussing *Younger* abstention). Here, the state criminal case against Caldwell is ongoing,[1] that matter obviously involves an important state interest, and Caldwell has the opportunity to raise challenges to the charges against him during the course of that criminal proceeding. Therefore, this Court will abstain from interfering in Caldwell's criminal case, just as it "has abstained from meddling in . . . [other] state court criminal actions." *Stevenson v. Motors*, No. 5:16-cv-421-KKC, 2017 WL 512750, *3 (E.D. Ky. 2017) (collecting cases). Instead, the Court will dismiss Caldwell's complaint and amended complaint without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Caldwell's motion to amend his cause of action [**R. 12**] is **GRANTED**.

2. Caldwell's complaint [**R. 1**] and amended complaint [**R. 12-1**] are **DISMISSED WITHOUT PREJUDICE**.

3. Caldwell's pending motions, including his "motion to amend jurisdiction" [**R. 9**] and "motion to amend jury trial demand" [**R. 11**], are **DENIED** as moot.

4. This action is **STRICKEN** from the Court's docket.

5. A corresponding judgment will be entered this date.

---

[1] The Court takes judicial notice of the publically available docket sheet in *Commonwealth of Kentucky v. Byron Caldwell*, No. 17-F-00043 (2017).

This the 19th day of June, 2017.

Gregory F. Van Tatenhove
United States District Judge